THATCHER HEATING Co. *v.* BURTIS and others.

(*Circuit Court, S. D. New York.* 1882.)

PATENTS FOR IMPROVEMENTS—WANT OF NOVELTY.
> The merely advantageous bringing together of parts which do not co-operate to produce a new result, and which by their aggregation contains the advantages which resulted before separately in several structures, is not a patentable novelty.

*B. F. Lee,* for complainants.
*A. J. Todd,* for defendants.

WALLACE, C. J. This action involves the validity of the first and second claims of the letters patent issued to John M. Thatcher for an improvement in fire-place heaters, bearing date June 14, 1870. It is conceded that these claims are to be construed broadly, so as to cover the combination of a fire-place heater having a body projecting outwards from the mantel or frame, and a furnace-like portion in the chimney behind the mantel, with a fuel receptacle within

the cylinder of the heater which will preserve a supply of unignited coal while the heater is in operation, and an opening through which the magazine can be fed from above, the magazine extending to this opening. Inasmuch as the heater was old and the fuel receptacle with the described opening was old when located within an ordinary coal stove, what Thatcher accomplished was merely the advantageous location of the fuel receptacle within the fire-place heater. As the complainant's expert, Mr. Brevoort, states: "The problem Thatcher had before him was to place this fuel magazine within the Bibb & Augee heater."

It must be conceded that it was not obvious that such a fuel magazine could be advantageously employed in such a heater. Attempts had been made by others to do the same thing without satisfactory results, but Thatcher's organization was a success, and immediately commended itself to the public. But Thatcher's broad claims cannot be sustained. There may have been patentable novelty in the means he employed to adjust the parts in the new organization, but there was none in merely bringing those parts together. They did not perform any new function in the new arrangement. The fuel magazine does just the same work in the new structure it did in the ordinary coal-stove: All the other parts of the fire-place heater operate precisely as they would if the ordinary fuel pot were used instead of the substituted magazine. The parts do not co-operate to produce a new result. By their aggregation the new structure contains all the advantages which resided before separately in several structures. The new heater is therefore a better heater than any which preceded it, but it does not present a patentable combination irrespective of the means employed to adjust the several parts into efficient relations to each other.

As, concededly, the claims of the patent are not to be limited to any such combination, they must be held void for want of patentable novelty.

The bill is dismissed with costs.